# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| KENNETH E. RAMSEY )<br>)<br>v. )<br>)<br>CRYSTAL RAMSEY, )<br>RANDY BOWEN, Manager office 37406 )<br>in official and individual capacity, )<br>Unknown Supervisors and inspectors )<br>in official and individual capacity, )<br>UNITED STATES POSTAL SERVICE ) | Case No. 1:17-CV-326-TRM-CHS |

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff Kenneth E. Ramsey, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Because I conclude his complaint does not state a claim for which relief can be granted, I RECOMMEND this action be DISMISSED and the application to proceed *in forma pauperis* be DENIED as moot.

### II. Standard of Review

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

1

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**III.    Facts**

Plaintiff alleges that, at some unspecified time, he had a contract for a six month period with the United States Postal Service for the rental of Post Office Box 5097 in Chattanooga, Tennessee, at a post office in the zip code area of 37406. Plaintiff's wife, Sandra Ramsey, also received mail at Post Office Box 5097. Defendant Crystal L. Ramsey presented a "conservator letter issued by a local court" to Postal Service manager and Defendant, Randy Bowen. Thereafter, for a period of two to three weeks, Plaintiff was locked out of Post Office Box 5097 "without notice, hearing or availability to correct dispute . . . . [Doc. 1, Complaint at p. 2].

Plaintiff made a complaint to the "Post Office Inspector's office."  Plaintiff does not state whether he made this complaint in writing.  The postal inspector called Plaintiff and "den[ied] any mail problem . . . [*Id.* at 3].  Plaintiff asserts that there should have been an administrative hearing or court hearing to resolve this dispute, and that his mail and his company's mail "should not have been blocked."  The Complaint is silent as to the relief Plaintiff seeks from the Court.

Plaintiff purports to bring a claim against Defendants, the United States Postal Service, Randy Bowen, and Crystal Ramsey for (1) interference with delivery of mail pursuant to 18 U.S.C. § 1703, and for (2) tortious interference of contract pursuant to Tenn. Code Ann. § 28-3-104.  Plaintiff also cites at the beginning of his complaint 28 U.S.C. § 2401(b) and 39 CFR 912.9(a).

**IV.     Discussion**

   **1.  Claim pursuant to 18 U.S.C. § 1703**

Under 18 U.S.C. §1703, a postal employee who unlawfully destroys, detains, or opens mail can be fined or imprisoned not more than five years.  18 U.S.C. § 1703.  This is a criminal statute.  There is no private civil right of action under 18 U.S.C. § 1703 for tampering with, or withholding mail.  *Woods v. McGuire*, 954 F.2d 388, 391 (6th Cir. 1992).  This claim should be dismissed.

   **2.  Claim pursuant to 28 U.S.C. § 2401**

Likewise, 20 U.S.C. § 2401 does not provide a private right of action.  Rather, it sets forth the statute of limitations for a tort claim against the United States, providing that a person asserting such a claim has three years within which to file it.  28 U.S.C. § 2401(a).  It further provides that any "tort claim" against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim

3

accrues" or unless an action is begun within six months after notice by that agency of a "final denial" of the claim. 28 U.S.C. § 2401(b); *see also* 39 U.S.C. § 409(b) ("the provisions of title 28 relating to . . . limitations of time for bringing action in suits in which the United States, its officers, or employees are parties and the rules of procedure adopted under title 28 for [such] suits . . . shall apply in like manner to suits in which the Postal Service, it officers, or employees are parties.") The Complaint fails to allege that Plaintiff submitted a *written* complaint to the postal inspector which Plaintiff pursued to a "final decision." Consequently, pursuant to 28 U.S.C. § 2401, Plaintiff's claim against the United States Postal Service, if one exists, is barred. [1]

### 3. Federal Tort Claims Act

Any state tort claims brought against the Postal Service and Postal Service employees acting within the scope of their employment must be brought under the framework of the Federal Tort Claims Act (FTCA). *See generally Dolan v. U.S. Postal Serv.*, 546 U.S. 481 (2006); *Federal Exp. Corp. v. U.S. Postal Serv.*, 151 F.3d 536, 540 (6th Cir. 1998), *see also* 39 U.S.C. § 409(c) ("The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of the activities of the Postal Service.") The FTCA "provides the exclusive remedy for injuries to persons or property arising from the tortious acts of federal employees acting within the scope of their employment." *Arbour v. Jenkins,* 903 F.2d 416, 420 (6th Cir. 1990); *Figueroa v. U.S. Postal Service*, 422 F. Supp. 2d 866, 876 (N.D. Ohio 2006) ("The FTCA is the exclusive waiver of sovereign immunity for tort claims against the Government, its agencies and its employees acting within the scope of their employment.") Accordingly, Plaintiff's claim against the Postal Service and Bowen brought directly under Tennessee law for tortious interference with a contract is barred because the FTCA provides the

---

[1] It appears that a written complaint can be made to the United States Postal Service, Office of the Inspector General online at https://www.uspsoig.gov/form/new-complaint-form.

exclusive remedy for a tort claim based on state law brought against the Postal Service or a Postal Service employee acting within the scope of his employment.

### 4. State Law Claim against Crystal Ramsey

As for a state law claim against Crystal Ramsey, the Court does not appear to have diversity of citizenship jurisdiction under 28 U.S.C. § 1332 because Plaintiff has not alleged damages in the amount of $75,000 or greater; nor has Plaintiff alleged diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff bears the burden of establishing the existence of diversity jurisdiction in his complaint. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Moreover, when a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over related state law claims. 28 U.S.C. § 1367(c)(3). Generally, "if the federal claims are dismissed before trial, the state claims should be dismissed as well." *Harper v. Auto Alliance Int'l*, 392 F.3d 195, 210 (6th Cir. 2004) (citation and quotation omitted). Because the undersigned recommends that all federal claims be dismissed and because the parties are non-diverse and the amount in controversy requirement is not met, the undersigned also recommends that the state law claims be dismissed without prejudice.

### 5. Article III Standing

Finally, the Court again observes that Plaintiff has not stated what remedy he now seeks. It appears from the Complaint that, at some unspecified time, Plaintiff was unable to receive his mail for a two or three week period of time. Plaintiff does not allege that the Postal Service continues to hold his mail nor does he allege injuries for which he now seeks damages. Plaintiff appears to lack standing under Article III of the U.S. Constitution to bring this action. "To have Article III standing, a plaintiff must 'allege personal injury fairly traceable to the defendant's

allegedly unlawful conduct and *likely to be redressed by the requested relief*.'" *Imhoff Inv., LLC v. Alfoccino, Inc.*, 792 F.3d 627, 631 (6th Cir. 2015) (emphasis added) (quoting *Murray v. U.S. Dep't of Treasury*, 681 F.3d 744, 748 (6th Cir. 2012)). In the instant case, there is no relief requested and it is not readily apparent to the Court what relief should be granted. If a plaintiff lacks Article III standing, the Court lacks jurisdiction to hear the case and must dismiss it. *Imhoff Inv., LLC,* 792 F.3d at 631 (citing *TCG Detroit v. City of Dearborn*, 206 F.3d 618, 622 (6th Cir. 2000)). The Court concludes Plaintiff lacks Article III standing, and this action should be dismissed for lack of jurisdiction.

V. **Conclusion**

For the several reasons stated herein, it is **RECOMMENDED**[2] that this action be **DISMISSED** without prejudice and the *in forma pauperis* application be DENIED as moot.

s\ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

6

Case 1:17-cv-00326-TRM-CHS  Document 3  Filed 05/23/18  Page 6 of 6  PageID #: 20